**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMIE L. CRULL,

      Plaintiff,                  :          Case No. 3:10-cv-254

                                        District Judge Walter Herbert Rice
   -vs-                                 Magistrate Judge Michael R. Merz

                              :

WILLIAM ZIMMERMAN, JR.,

      Defendant.

---

**REPORT AND RECOMMENDATIONS**

---

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915 which requires federal courts to screen such cases promptly after filing and before issuance of process. Ordinarily such screening would involve some minimal consideration of the possible merits of the case, i.e., determining if it stated a claim for relief or not. However, there is always a question a federal court must answer before even considering the merits in a minimal way and that is whether the court has jurisdiction (power) over the case.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting

jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981).

In this case Plaintiff asserts that Defendant, an attorney at law, used confidential information gained from his representation of Mr. Crull in representing another person who was suing Mr. Crull. Plaintiff asserts that this was in breach of Defendant's responsibilities as an attorney under the Rules of Professional Conduct. But those Rules are not federal law and a claim that an attorney breached them in a representation in state court does not state a claim arising under federal law. Thus this Court has no jurisdiction of such a claim under 28 U.S.C. § 1331. If anything, the Complaint might be construed to state a claim for attorney malpractice which would arise under the law of Ohio. Furthermore, both Plaintiff and Defendant are citizens of the State of Ohio, which means that this Court has no jurisdiction under 28 U.S.C. § 1332.  For relief, Plaintiff asks that the Court order Defendant to explain and defend his actions, but this Court has no general supervisory power over attorneys; that authority is solely in the Supreme Court of Ohio as to conduct in the Ohio courts, which is where Plaintiff alleges Defendant represented a conflicting interest.

Because this Court has no jurisdiction of the subject matter of this case, the Complaint should be dismissed without prejudice.

June 29, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).